306 So.2d 55

**James D. JOHNSON, Jr.**

v.

**STATE.**

I Div. 512.

Court of Criminal Appeals of Alabama.

Oct. 29, 1974.

Rehearing Denied Nov. 26, 1974.

J. D. Quinlivan, Jr. and Thomas M. Haas, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Donald G. Valeska, II, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant, following an indictment, was tried, convicted, and duly sentenced to five years in the penitentiary for selling marihuana contrary to law.

Appellant's astute counsel insists on this appeal that the state failed before trial to furnish, pursuant to the trial court's order made before trial, the name of the informer involved in the transaction effectuating the alleged sale. Nothing was done before trial to invoke compliance with the order. Such invocation was made during the trial.

It appears from the evidence that the informer was one Frank Howard, who went to the scene of the sale with the vendee, who was a witness for the state. The vendee was one Ray Crocker.

The alleged sale was not made to Crocker at the exact geographical point where Crocker, Howard and the defendant met. It took place about sixty feet in distance therefrom. At this time, only Crocker and the defendant were present. Howard was about sixty feet away. It appears from the defendant's testimony on the motion to produce, which testimony was taken out of the jury's presence, that at the time defendant was arrested, on or about July 19, 1973, he knew "Frank" and knew where he was working; that about two days after he was arrested, he had an occasion to check where Howard was working, and he was not there. Defendant further testified that he stopped a few times thereafter but never found him. The defendant also testified that he knew "Frank" about sixty days prior to the alleged sale, on July 19, 1973.

It appears that the defendant gave this information to his attorney, Mr. Quin-

livan. It occurs to us that the defendant, by his testimony, knew the informer, but not by his last name. Being so informed, he cannot be heard to complain that the name of the informer was not furnished before trial pursuant to his pretrial motion and the order thereon.

This "Frank" was the same person who was constructively present at the time of the sale, and whom the defendant knew about sixty days prior thereto.

■ The state was under no duty to ascertain the whereabouts of the informer, Howard, and advise the defendant. Diligence in finding him was addressed to the defendant. Thigpen v. State, 49 Ala.App. 233, 270 So.2d 666(4).

We further note that defendant's counsel told the trial judge, in a discussion relating to the missing Howard, "There is no subpoena because we didn't know where to go to get him."

■ Denial of defendant's motion for a mistrial or interruption of the trial for a short period, to the end that a search for the missing witness, Frank Howard, might be instituted, was free of error.

We conclude as above stated the defendant was well acquainted with Frank Howard, and that he was not entitled to have the state furnish Howard's address, if the state was so informed, and help him find him. It appears that none of the witnesses knew where Howard was. One knew he was a former resident of Prichard; that he went to New Jersey, but did not know if he returned.

The judgment of the trial court is due to be and the same is hereby affirmed.

The foregoing was prepared by the Honorable Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.